1  VICTOR SCHACHTER (CSB No. 79651)
2  ALLEN M. KATO (CSB No. 105154)
   FENWICK & WEST LLP
   Silicon Valley Center
3  801 California Street
   Mountain View, CA 94041
4  Telephone: (650) 988-8500
   Facsimile: (650) 938-5200
5
   Attorneys for Defendant
6  SYNOPSYS, INC.

7

8             UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10                SAN JOSE DIVISION

11

12  CLINTON BEACHAM,                    Case No. _____

13              Plaintiff,              NOTICE OF REMOVAL UNDER 28 U.S.C. §
                                        1441(b) (Federal Question)
14       v.
                                        DEFENDANT SYNOPSYS, INC.'S
15  SYNOPSYS, INC., a corporation, and  CERTIFICATION OF INTERESTED
    DOES 1 through 10,                  ENTITIES OR PERSONS
16
              Defendants.
17

18                   **NOTICE OF REMOVAL**

19       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20  NORTHERN DISTRICT OF CALIFORNIA:

21       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331 and 1441(b) and (c),

22  Defendant Synopsys, Inc. hereby removes the above-entitled action from the Superior Court of

23  the State of California, County of Santa Clara, to the United States District Court for the Northern

24  District of California, San Jose Division, and states as follows:

25       1.      On April 2, 2007, plaintiff Clinton Beacham filed an action entitled *Beacham v.*

26  *Synopsys, Inc., a corporation, and Does 1 through 10*, Case No. 107 CV 083065 in the Superior

27  Court of California, County of Santa Clara.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

2.     The first date on which Synopsys received a copy of plaintiff's complaint was April 9, 2007, when Synopsys was served with a copy of the complaint along with a Summons, a Civil Case Cover Sheet and a Civil Lawsuit Notice.  Complete copies of the complaint and associated papers, as served on Synopsys, are attached as **Exhibit A**.  Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty days of receipt by Synopsys, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based.

3.     On April 12, 2007, Synopsys filed its answer to the complaint in the Superior Court of California, County of Santa Clara, a complete copy of which is attached as **Exhibit B**.

4.     The papers contained in attached Exhibits A and B are the only papers filed in the state court action as of this date.

5.     **JURISDICTION:**  Pursuant to Civil Local Rule 3-5(a), this Court has jurisdiction over this action because the First Cause of Action in plaintiff's complaint, entitled "Violation of the American [*sic*] with Disabilities Act", alleges discrimination and termination of employment based on a physical disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*  This action is therefore a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b).  The Court has jurisdiction over the remaining claims alleged by plaintiff pursuant to 28 U.S.C. § 1441(c).

6.     **INTRADISTRICT ASSIGNMENT:**  Pursuant to Civil Local Rule 3-5(b), assignment of this action to the San Jose Division of this Court is proper because, under Civil Local Rules 3-2(c) and (e), this action arises in the county of Santa Clara:  (a) plaintiff originally filed this action in Santa Clara County Superior Court; (b) Synopsys' corporate headquarters are located in the city of Mountain View, California, in Santa Clara County; and (c) a substantial part of the events or omissions which give rise to the claim occurred in Santa Clara County.

7.     At present, Synopsys is the only defendant named and served with summons and complaint in this action; none of the alleged "Doe" defendants have been named or served.

8.     Synopsys has complied with all conditions precedent to removal.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    9.    Promptly upon filing this Notice of Removal with this Court, Synopsys shall

2    provide written notice to plaintiff (through his counsel) and to the Santa Clara County Superior

3    Court, as required under 28 U.S.C. § 1446(d).  A copy of said notice is attached as **Exhibit C.**

4    WHEREFORE, this action is properly removed to this Court pursuant to 28 U.S.C. §§

5    1331 and 1441(b) and (c).

6

7    Dated:  April 13, 2007                          FENWICK & WEST LLP

8

9                                                    By: _____
                                                              Victor Schachter

10

11                                                   Attorneys for Defendant
                                                     SYNOPSYS, INC.

12

13

14                   **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

15           Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

16   the named parties, there is no such interest to report.

17

18   Dated:  April 13, 2007                          FENWICK & WEST LLP

19

20                                                   By: _____
                                                              Victor Schachter

21

22                                                   Attorneys for Defendant
                                                     SYNOPSYS, INC.

23

24

25

26

27

28

NOTICE OF REMOVAL; CERT. OF                3                CASE NO. _____
INTERESTED ENTITIES OR PERSONS

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SYNOPSYS, INC., a corporation, and DOES 1 through 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CLINTON BEACHAM

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

UCS

**F I L E D**
APR 2 2007
KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara Superior Court - Unlimited Jurisdiction
191 N. First Street, San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):* **CV083065**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cliff Palefsky, Esq. (SBN 77683); Keith Ehrman, Esq. (SBN 106985)
McGuinn, Hillsman & Palefsky, 535 Pacific Avenue, San Francisco, CA 94133; tel. (415) 421-9292

DATE:
*(Fecha)* APR 2 2007      Kiri Torre   Clerk, by _____ , Deputy
                          Chief Executive Officer/Clerk   *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1  Cliff Palefsky, Esq. (State Bar No. 77683)
2  Keith Ehrman, Esq. (State Bar No. 106985)
   McGUINN, HILLSMAN & PALEFSKY
3  535 Pacific Avenue
   San Francisco, CA 94133
4  Telephone: (415) 421-9292

5  Attorneys for Plaintiff
   CLINTON BEACHAM
6

UCS

FILED  Santa Clara Co
04/02/07  12:15pm
Kiri Torre
Chief Executive Offic
By: ssancayco DTSCIVD
R#200700032376
CK          $320.00
TL          $320.00
Case: 1-07-CV-083065

7

8

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SANTA CLARA

12

13  CLINTON BEACHAM,                )  Case No. 107 CV083065
                                     )
14              Plaintiff,           )
                                     )  COMPLAINT FOR DISABILITY
15  v.                               )  DISCRIMINATION, WRONGFUL
                                     )  TERMINATION IN VIOLATION OF
16                                   )  PUBLIC POLICY, AND BREACH OF
    SYNOPSYS, INC., a corporation,   )  CONTRACT
17  and DOES 1 through 10,           )
                                     )  JURY TRIAL DEMANDED
18              Defendants.          )  Unlimited Jurisdiction:
19  _____   )  Damages Sought Exceed $25,000

20

21

22      Plaintiff alleges as follows:

23                      GENERAL ALLEGATIONS

24      1.   At all relevant times, Defendant SYNOPSYS, INC.  ("Synopsys") was a

25  corporation authorized to do business in, and doing business in, the State of California.

26  Synopsys is in the business of semiconductor design software.  Synposys has its corporate

27  headquarters in Mountain View, California.

28  Complaint

2. In June 2002, Plaintiff CLINTON BEACHAM ("Beacham" or "Plaintiff") was hired by Synopsys. At the time he was hired, Beacham was a resident of Pleasanton, California. Beacham was hired to be a Regional Sales Manager for Synopsys, overseeing the Texas Region.

3. The true names and capacities, whether individual, corporate, associate or otherwise and the true involvement of defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names and will amend this Complaint to show the true names, capacities and involvement when ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to, and that plaintiff's injuries and damages as hereinafter set forth were proximately caused by said defendants.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants sued herein was the agent and/or partner and/or joint venturer of each of the remaining defendants, and each of them was at all times acting within the purpose and scope of such agency.

5. Beacham began his employment with Defendant Synopsys in June 2002. Plaintiff remained employed with Synopsys until November 2006. Plaintiff was employed by Synopsys pursuant to an employment contract ("Employment Contract") which was partly oral, partly implied and partly written. Throughout his employment with Synopsys, Beacham served as a Regional Sales Manager. Plaintiff's compensation consisted of several components, including a base salary and commissions. Beacham performed very

Complaint

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

1  well during his employment, routinely exceeding his annual sales quota.   Beacham was

2  praised for his work and received good performance reviews.

3       6. Beginning in 2004, Plaintiff's immediate supervisor became Joe Logan ("Logan").

4  In approximately October 2005, Plaintiff received a company-sponsored flu shot.  Shortly

5  thereafter, Plaintiff developed a neurological disease called Chronic Inflammatory

6  Demyelinating Polyneuropathy ("CIDP").  The symptoms of CIDP are weakness in the legs,

7  impaired sensory function, severe pain, and general fatigue.  In November and December

8  2005, Beacham was hospitalized and subsequently notified Synopsys of his physical

9  problems.

10      7. In January 2006, Plaintiff received his Sales Compensation Plan for the period

11 October 30, 2005 through October 28, 2006 (the "October 2005 Sales Compensation

12 Plan").  Plaintiff's sales quota for this one year time period was set at $35,066,207.00, and

13 the commission component of Plaintiff's compensation was based on his performance

14 relative to this sales quota.  The terms of the October 2005 Sales Compensation Plan

15 became part of Plaintiff's Employment Contract.

16      8. Throughout 2006, Beacham continued to work diligently at his job.  However,

17 Beacham often needed to use crutches and, for a period of time, a wheelchair.  Beacham

18 also suffered incidents of serious fatigue and neurological pain, which required Beacham to

19 make certain adjustments to his work schedule, including reducing his company travel.

20 Beacham was also unable to be physically present for certain meetings and sales

21 presentations.  During the spring and summer of 2006, Beacham regularly updated

22 Synopsys on his medical condition.  At one point, Logan refused to allow Beacham to

Complaint

1   travel to a meeting in Boston on account of Beacham's medical condition, even though

2   Beacham wanted to (and was prepared to) attend the meeting.

3       9.  During 2006, Beacham did not take a medical leave as a result of his CIDP.

4   Indeed, despite his medical condition, Beacham continued to perform his job well

5   throughout 2006.   Nevertheless, in May 2006, Logan asked Beacham whether he would

6   consider another job in the company, in light of his medical condition.  Beacham informed

7   Logan that he preferred to remain in his Regional Sales Manager job.

8

9       10.  In June 2006, Beacham arranged for a specialized one week intensive medical

10  treatment which his doctors had strongly recommended for his CIDP.  Logan insisted that

11  Beacham postpone this treatment so that he would not miss time away from work, in order

12  to help Synopsys close a major sales deal with AMD.  Beacham reluctantly agreed to re-

13  schedule this medical treatment and, as a result, was not able to undergo the treatment

14  until October 2006.  With Beacham's assistance, Synopsys was able to close this major

15  deal with AMD in July 2006.  The AMD deal was worth approximately $67,000,000.00 to

16  Synopsys.

17

18      11.  Throughout 2006, despite his medical condition, Beacham continued to work

19  diligently for Synopsys and achieved outstanding sales results.  Indeed, during the period

20  covered by his October 2005 Sales Compensation Plan–October 30, 2005 to October 28,

21  2006-- Beacham achieved sales of $99.4 million against a quota of $35 million----285% of

22  quota.

23

24      12.  On November 8, 2006, Beacham was informed that he was being terminated.

25  Synopsys told Beacham in his exit interview that he was not being terminated due to his

26

27

28  Complaint

1  job performance.   Beacham's final day on the Synopsys payroll being December 6, 2006.

2  Synopsys terminated Beacham on account of his physical disability.

### FIRST CAUSE OF ACTION
#### (Violation of the American with Disabilities Act)

13.  Plaintiff incorporates by reference as though fully set forth every allegation of ¶¶ 1 through 12 above.

14.  Pursuant to 42 U.S.C. Section 12101 et seq. (the "Americans with Disabilities Act" or "ADA"), it is unlawful for an employer to terminate or otherwise discriminate against an employee in the terms, conditions or privileges of employment on account of the employee's physical disability.

15.  As a result of his CIDP, Plaintiff had a physical impairment that substantially limited one or more of his major life activities, and he was regarded by Defendants as having such an impairment.   Plaintiff was a qualified individual with a disability within the meaning of the ADA, since he was an individual with a disability who, with or without reasonable accommodation, could perform the essential functions of his job.

16.  In November 2006, Defendants terminated Plaintiff on account of his physical disability.  Defendants thereby violated the ADA.

17.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages, all in a sum in excess of the jurisdictional limits of the Superior Court.

Complaint

5

18.  In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted toward Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

19.  Plaintiff has exhausted his administrative remedies with, and has obtained a right-to-sue letter from, the Equal Employment Opportunity Commission, with respect to his claim for discrimination.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

## SECOND CAUSE OF ACTION
### (Violation of Government Code Section 12940)

20.  Plaintiff incorporates by reference as though fully set forth every allegation of ¶¶ 1 through 19 above.

21.  Pursuant to California Government Code Section 12940(a), it is unlawful for an employer to terminate or otherwise discriminate against an employee in the terms, conditions or privileges of employment on account of the employee's physical disability.

22.  As a result of his CIDP, Plaintiff had a "physical disability" within the meaning of Government Code Section 12940(a), in that he had a condition which limited his abilities to participate in major life activities.  Plaintiff was able to perform the essential duties of his job and/or could have performed such duties with reasonable accommodation from Defendants.

23.  In November 2006, Defendants terminated Plaintiff on account of his physical disability.  Defendants thereby violated Government Code Section 12940.

24.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has

Complaint

6

1   further suffered emotional distress and other general damages, all in a sum in excess of

2   the jurisdictional limits of the Superior Court.

3       25.  In doing the things alleged herein, Defendants' conduct was despicable, and

4   Defendants acted toward plaintiff with malice, oppression, fraud, and with a willful and

5   conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

6

7       26.  Plaintiff has exhausted his administrative remedies with, and has obtained a

8   right-to-sue letter from, the Department of Fair Employment and Housing, with respect to

9   his claim of discrimination.

10      WHEREFORE, Plaintiff prays for judgment as is further set forth below.

11
                        **THIRD CAUSE OF ACTION**
12              **(Wrongful Termination in Violation of Public Policy)**

13      27.  Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 26, above, as

14  though fully set forth herein.

15
        28. It is the public policy of the State of California that employers may not terminate
16
17  an employee on account of the employee's physical disability when the employee is able

18  (with or without reasonable accommodation) to perform the essential function of his job.

19  This public policy is embodied in various statutes, including Government Code Sections

20  12920, 12921 and  12940, and 42 U.S.C. Section 12101 *et seq*.

21
        29.  Defendants terminated Plaintiff in November 2006 on account of his physical
22
23  disability. In terminating Plaintiff for these reasons, Defendants terminated Plaintiff in

24  violation of public policy.

25      30.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has

26  suffered damages including, but not limited to, a loss of income and benefits, and has

27

28  Complaint                                                                              7

1 further suffered emotional distress and other general damages, all in a sum in excess of

2 the jurisdictional limits of the Superior Court.

3 31. In doing the things alleged herein, Defendants' conduct was despicable, and

4
Defendants acted toward Plaintiff with malice, oppression, fraud, and with a willful and
5
conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.
6
7 WHEREFORE, Plaintiff prays for judgment as is further set forth below.

8 **FOURTH CAUSE OF ACTION**
**(Breach of Contract)**
9

10 32. Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 31, above, as

11 though fully set forth herein.

12 33. Under the terms of Plaintiff's Employment Contract, including the terms of the

13 2005 October Sales Compensation Plan, Plaintiff's 2006 commissions were to be

14
calculated based on a sales quota of $35,066,207.00 for the period October 30, 2005
15
through October 28, 2006. Under the terms of Plaintiff's Employment Contract, and based
16
17 on Plaintiff's sales revenue of $99.4 million, Plaintiff is informed and believes that he was

18 entitled to commission compensation in 2006 in excess of $435,000.00. Defendants

19 refused to pay Plaintiff the full commission compensation he was due and owing for this

20 time period, and instead paid Plaintiff commission compensation of approximately

21 $365,657.

22
34. In failing and refusing to pay Plaintiff the full commission compensation he was
23
due under his Employment Contract, Defendants breached Plaintiff's Employment
24
25 Contract.

26

27

28 Complaint

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133

35. Plaintiff's Employment Contract, which included Plaintiff's October 2005 Sales Compensation Plan, contained a covenant of good faith and fair dealing, pursuant to which the parties agreed to deal fairly and in good faith with each other.  Pursuant to this covenant of good faith, neither party may engage in conduct for the purpose of depriving the other party of the benefits of the contract.  Furthermore, to the extent that the Employment Contract and the October 2005 Sales Compensation Plan gave Defendants certain discretion, including discretion with respect to Plaintiff's sales quota and commission compensation, Defendants were required by the covenant of good faith to exercise any such discretion in good faith, and not for the purpose or in a manner designed to deprive Plaintiff of the benefits of his contract.

36. Plaintiff's October 2005 Sales Compensation Plan covered the period from October 30, 2005 to October 28, 2006, and had a sales quota for this period of $35,066,207.00.  In July 2006, Plaintiff had assisted Defendants in closing a major deal with AMD, which was worth more than $66,000,000.00.  Indeed, at the insistence of Defendants, Plaintiff had passed up the opportunity to receive medical treatment for his CIDP in the summer of 2006 in order to help Defendants close this deal with AMD.  On October 11, 2006–just 17 days before the expiration of the time period covered by the October 2005 Sales Compensation Plan and after Plaintiff had helped close the AMD deal–Defendants gave Plaintiff a "new" Sales Compensation Plan which purported to cover the period October 30, 2005 to October 28, 2006.  This "new" Sales Compensation Plan retroactively set Plaintiff's quota at $63,388,496.00, thereby purporting to nearly double Plaintiff's sales quota two weeks prior to the end of the sales year.  Under the terms of the

Complaint

9

"new" Sales Compensation Plan, Plaintiff's commission compensation would be reduced by approximately $70,000.00, when compared to Plaintiff's October 2005 Sales Compensation Plan. Defendants's sole purpose in creating a "new" Sales Compensation Plan for Plaintiff with a higher sales quota less than three weeks before the end of the relevant sales year, was to decrease Plaintiff's commission compensation and prevent him from receiving the benefit of the October 2005 Sales Compensation Plan.

37.  The covenant of good faith and fair dealing obligated Defendants to deal fairly and in good faith with Plaintiff, and prohibited Defendants from engaging in conduct for the purpose of depriving Plaintiff of the benefits of the Employment Contract, and prohibited Defendants from exercising their discretion in bad faith.  Defendants nearly doubled Plaintiff's sales quota, and purported to change his Sales Compensation Plan just 17 days before the end of the sales year, for the specific purpose of depriving Plaintiff of commission compensation which he was due under his October 2005 Sales Compensation Plan. In doing these actions, Defendants acted in bad faith and breached the covenant of good faith and fair dealing, and Defendants thereby further breached Plaintiff's Employment Contract.

38.    Plaintiff has performed all of the covenants, conditions and obligations that were his to perform under his Employment Contract, except those which have been excused or made impossible by Defendants.

Complaint

10

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421 9292

39. As a direct and proximate result of Defendants' breaches of contract, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, all in a sum in excess of the jurisdictional limits of the Superior Court.

WHEREFORE, Plaintiff prays for judgment as follows:

## PRAYER FOR RELIEF

1. For general damages according to proof;

2. For special damages according to proof;

3. For punitive damages;

4. For costs of suit, including reasonable attorney's fees;

5. For interest at the maximum legal rate on all sums awarded; and

6. For such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

DATED: March 29, 2007

McGUINN, HILLSMAN & PALEFSKY
Attorneys for Plaintiff

By: _____
Cliff Palefsky

Complaint

11

CM-010

**UCS**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Cliff Palefsky (SBN#77683) Keith Ehrman (SBN#106985)
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue, San Francisco, CA 94133

TELEPHONE NO.: 415/421-9292   FAX NO.: 415/403-0202
ATTORNEY FOR *(Name):* Plaintiff Clint Beacham

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Old Courthouse

# FILED

APR 2 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of the County of Santa Clara

BY _____ DEPUTY

CASE NAME:
Clinton Beacham v. Synopsys, Inc., a corporation and Does 1 through 10

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CV083065 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder 107 Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify):* 4

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 29, 2007

Keith Ehrman
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2007] | CIVIL CASE COVER SHEET | American LegalNet, Inc. www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403; Standards of Judicial Administration, § 19 www.courtinfo.ca.gov |

**CM-010**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or
Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation
(Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally
complex case type listed above)*
(41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)*
(43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

# CIVIL LAWSUIT NOTICE

CASE NUMBER: _____ **107** ATTACHMENT A
CV083065

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

## READ THIS ENTIRE FORM

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

**DEFENDANTS** (the person(s) being sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the Complaint, in the clerk's office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;

2. You must send a copy of your written response to the plaintiff; and

3. You must attend the first Case Management Conference.

   **Warning:  If you do not do these three things, you may automatically lose this case.**

---

**RULES AND FORMS:**  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):**  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.  You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is:  Kevin McKenney                                              *DEPT:* 16

The first CMC is scheduled as follows: (Completed by Clerk of Court)
                      Date:  AUG 1 4 2007  Time: 2:15 PM  Dept.: 16

The next CMC is scheduled as follows:  (Completed by party if the first CMC was continued or has passed)
                      Date: _____  Time: _____  Dept.: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# EXHIBIT B

1   VICTOR SCHACHTER (CSB No. 79651)
    ALLEN M. KATO (CSB No. 105154)
2   FENWICK & WEST LLP
    Silicon Valley Center
3   801 California Street
    Mountain View, CA 94041
4   Telephone: (650) 988-8500
    Facsimile:  (650) 938-5200
5
    Attorneys for Defendant
6
    SYNOPSYS, INC
7

APR 12 07

J. Zenzen

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SANTA CLARA

10

11  CLINTON BEACHAM,                    Case No. 107 CV 083065

12              Plaintiff,              ANSWER OF DEFENDANT SYNOPSYS,
                                        INC. TO PLAINTIFF'S UNVERIFIED
13       v.                             COMPLAINT

14  SYNOPSYS, INC., a corporation, and
    DOES 1 through 10,
15
                Defendant.
16

17

18       Defendant Synopsys, Inc. hereby answers the unverified complaint of plaintiff Clinton

19  Beacham as follows:

20                              **GENERAL DENIAL**

21       Pursuant to California Code of Civil Procedure Sections 431.30(b)(1) and (d), Synopsys

22  generally denies each and every material allegation of plaintiff's unverified complaint.  Synopsys

23  further denies that plaintiff has been injured in the sum claimed or in any amount by any act or

24  omission of Synopsys.

25                            **AFFIRMATIVE DEFENSES**

26       Pursuant to California Code of Civil Procedure Section 431.30(b)(2), as separate and

27  distinct affirmative defenses to all claims and causes of action alleged in the complaint, Synopsys

28  alleges as follows:

                                         1

ANSWER – CASE NO. 107 CV 083065

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    The complaint, and each purported cause of action therein, fail to state facts sufficient to constitute a cause of action against Synopsys.

## SECOND AFFIRMATIVE DEFENSE
### (Employment At Will)

2.    Plaintiff was an employee at will of Synopsys within the meaning of California Labor Code section 2922.

## THIRD AFFIRMATIVE DEFENSE
### (Exclusivity of Workers' Compensation Act Remedy)

3.    To the extent plaintiff alleges claims for emotional distress and personal injury, and wage loss caused by such distress and injury, each such claim is barred in whole or in part by the Workers' Compensation Act that provides plaintiff's exclusive remedy for such claims arising out of plaintiff's employment with Synopsys.

## FOURTH AFFIRMATIVE DEFENSE
### (Privilege)

4.    The alleged acts of Synopsys described in plaintiff's complaint were privileged under California law.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel/Waiver)

5.    Plaintiff, by virtue of his own conduct, has waived and/or is estopped from asserting any of the claims upon which it seeks relief.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands and *In Pari Delicto*)

6.    Plaintiff, by virtue of his own acts and omissions, is barred from any recovery in this action by the doctrine of unclean hands and/or *in pari delicto*.

### SEVENTH AFFIRMATIVE DEFENSE
(Plaintiff's Negligent, Intentional and/or Bad Faith Conduct)

7.     All of plaintiff's claims are barred by plaintiff's own negligent, intentional and/or bad faith conduct.

### EIGHTH AFFIRMATIVE DEFENSE
(Intervening Acts)

8.     All of plaintiff's claims are barred because any damage allegedly suffered by plaintiff was not caused by any act of Synopsys, but rather was the direct and proximate result of the intervening acts of plaintiff and/or third parties.

### NINTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

9.     To the extent plaintiff sustained any damages allegedly caused by Synopsys' conduct, plaintiff cannot recover for all or any portion of any of his claims because plaintiff has failed and continues to fail to exercise reasonable care and diligence to mitigate any alleged damages he has suffered as a consequence of Synopsys' actions.

### TENTH AFFIRMATIVE DEFENSE
(No Punitive Damages)

10.     Plaintiff's complaint fails to state facts sufficient to support a claim for punitive, exemplary or other enhanced damages.

### RESERVATION OF RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

Plaintiff has failed to set forth the allegations of the Complaint with sufficient particularity to provide Synopsys with a sufficient basis to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Synopsys reserve the right to assert additional affirmative defenses in the event that discovery or investigation reveals that they would be appropriate.

ANSWER – CASE NO. 107 CV 083065

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**PRAYER FOR RELIEF**

**WHEREFORE**, Synopsys prays as follows:

1.     That the complaint be dismissed in its entirety with prejudice, and plaintiff take nothing by this action;

2.     That judgment be entered in favor of Synopsys and against plaintiff;

3.     That Synopsys be allowed to recover its costs and reasonable attorneys' fees incurred in defending this action; and

4.     For such other and further relief as the Court deems just and proper.


Dated: April 12, 2007                              FENWICK & WEST LLP


                                                   By: _____
                                                            Victor Schachter

                                                   Attorney for Defendant
                                                   SYNOPSYS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

4

## PROOF OF SERVICE

The undersigned declares as follows:

I am a citizen of the United States and employed in Santa Clara County, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, Silicon Valley Center, 801 California Street, Mountain View, California 94041. On the date set forth below, I served a copy of the following document(s):

**ANSWER OF DEFENDANT SYNOPSYS, INC. TO**
**PLAINTIFF'S UNVERIFIED COMPLAINT**

on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

Cliff Palefsky, Esq.
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133

[X] **BY US MAIL:** by placing the document(s) listed above in a sealed envelope for collection and mailing following our ordinary business practices. I am readily familiar with our ordinary business practices for collecting and processing mail for the United States Postal Service, and mail that I place for collection and processing is regularly deposited with the United States Postal Service that same day with postage prepaid.

[ ] **BY OVERNIGHT COURIER:** by placing the document(s) listed above in a sealed envelope with a prepaid shipping label for express delivery and causing such envelope to be transmitted to an overnight delivery service for delivery by the next business day in the ordinary course of business.

[ ] **BY FACSIMILE:** by causing to be transmitted via facsimile the document(s) listed above to the addressee(s) at the facsimile number(s) set forth above.

[ ] **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

[ ] **BY PERSONAL DELIVERY:** by causing to be personally delivered the document(s) listed above to the addressee(s) at the address(es) set forth above.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   I declare under penalty of perjury under the laws of the State of California and the United

2   States that the above is true and correct.

3

Date:  April 12, 2007

4   _____

Leslie J. Rubinstein

5

6   22524/00413/LIT/1265825.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

2

# EXHIBIT C

1  VICTOR SCHACHTER (CSB No. 79651)
   ALLEN M. KATO (CSB No. 105154)
2  FENWICK & WEST LLP
   Silicon Valley Center
3  801 California Street
   Mountain View, CA 94041
4  Telephone: (650) 988-8500
   Facsimile:  (650) 938-5200
5
   Attorneys for Defendant
6  SYNOPSYS, INC.

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SANTA CLARA

10

11  CLINTON BEACHAM,                    Case No. 107 CV 083065

12              Plaintiff,              NOTICE OF REMOVAL TO FEDERAL
                                        COURT BY DEFENDANT SYNOPSYS, INC.
13      v.

14  SYNOPSYS, INC., a corporation, and
    DOES 1 through 10,
15
                Defendants.
16

17      TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

18  COUNTY OF SANTA CLARA, PLAINTIFF CLINTON BEACHAM AND HIS ATTORNEYS

19  OF RECORD:

20          PLEASE TAKE NOTICE that on April 13, 2007, Defendant Synopsys, Inc. filed a Notice

21  of Removal of this action in the United States District Court for the Northern District of

22  California.  A complete copy of the Notice of Removal is attached to this Notice, and is served

23  and filed herewith.

24  Dated:  April 13, 2007              FENWICK & WEST LLP

25
                                        By: _____
26                                             Victor Schachter

27                                      Attorneys for Defendant
                                        SYNOPSYS, INC.
28

NOTICE OF REMOVAL                                      Case No. 107 CV 083065